[No. 25650. Department One. January 7, 1936.]

*In the Matter of the Estate of* MARY J. THOMAS, *Deceased.*

THE WASHINGTON TRUST COMPANY, *as Executor, Respondent,* v. WILLIAM H. PEMBERTON, *as Supervisor of the State Inheritance Tax and Escheat Division, Appellant.*[1]

[1]Reported in 53 P. (2d) 305.

*William H. Pemberton* and *Lyle K. Summers,* for appellant.

*Hamblen, Gilbert & Brooke,* for respondent.

GERAGHTY, J.—Mary J. Thomas, a resident of Spokane county, died leaving an estate consisting of real and personal property which she disposed of by will. The pertinent part of the will provides:

"All the rest, residue and remainder of my estate both real and personal and wheresoever situate, I give, devise and bequeath to The Hutton Settlement, a corporation organized and existing under and by virtue of the laws of the State of Washington, and The Salvation Army of Spokane, in equal parts to each, said bequest to The Salvation Army of Spokane to be distributed by it to the different institutions working under its management and control in said city."

The decree of distribution entered at the close of administration provided:

"That the Salvation Army, a California corporation, one of the residuary legatees, is an eleemosynary institution having an office in Spokane, Washington, and said rest, residue and remainder of said estate be and is hereby distributed to the Hutton Settlement, a Washington corporation, and the Salvation Army, a California corporation, in equal parts, share and share alike, as is provided in said paragraph ten of deceased's will."

As the inheritance tax and escheat division contended that the gift was subject to an inheritance tax, the Salvation Army filed its petition in the probate proceedings, setting out the bequest in the will; the recital in the decree of distribution referring to its existence as a corporation organized under the laws

of the state of California, its authorization to do business in the state of Washington as a foreign corporation, and that its Spokane branch is engaged in the relief of the indigent and poor in the city of Spokane, in the maintenance of the sick and maimed, and the support and education of orphans and indigent children, and as such, is entitled to take the residuary gift or devise exempt from the payment of an inheritance tax. It prayed that an order be entered declaring the gift or devise to it to be so exempt. The inheritance tax and escheat division appeared in the proceeding and contested the claim for exemption. The court entered an order declaring the bequest exempt as prayed for. This appeal is from that order.

Rem. Rev. Stat., § 11218 [P. C. § 7052], under which the exemption was allowed to respondent, is as follows:

"All gifts, bequests, devises and transfers of property situated within or under the jurisdiction of the State of Washington shall be exempt from the payment of any inheritance tax, when the same are for one of the following charitable purposes, namely, the relief of the aged, indigent and poor people, maintenance of sick or maimed, the support or education of orphans or indigent children, and all gifts, bequests, devises and transfers of property made to the State of Washington, or to any county, incorporated city or town or school district therein, or to any public park or playground within the State of Washington, whether municipal or otherwise, and all gifts, bequests, devises and transfers made to any municipal corporation within the State of Washington for eleemosynary, charitable, educational or philanthropic purposes, and all gifts, bequests, devises and transfers made to schools and colleges in the state supported in whole or in part by gifts, endowments or charity, the entire income of which said school or college, after paying the expenses thereof, is devoted to the purposes of such institution and which is open to all per-

sons upon equal terms, and any property in this state which has been given, devised, bequeathed or transferred for such purposes and upon which a state inheritance tax is claimed or is owing is hereby declared to be exempt from the payment for such tax: Provided, That all such gifts, bequests, devises and transfers be limited for use within the State of Washington.''

The facts in this case are not distinguishable in principle from those before the court in *In re McIntire's Estate*, 178 Wash. 81, 34 P. (2d) 432. In that case, the will gave the residue of the estate to the Congregational Board of Ministerial Relief, a Connecticut corporation, to be held by the board as a perpetual trust,

" '. . . for the uses and purposes and upon the terms herein set forth, to-wit: . . .

" 'The said fund is to be invested and reinvested by the said Board, and its income only shall be used to assist in the support and maintenance of aged, needy and dependent ministers of the Congregational Church in the State of Washington and their widows; it being my intention that this bequest to the Congregational Board of Ministerial Relief shall be limited for use within the State of Washington and shall be granted for the relief of only such aged, needy and dependent ministers and their widows as may be actually resident within said state.' ''

The bequest was in direct terms to the Connecticut corporation, with limitation for the expenditure of the fund within the state of Washington for purposes recognized by the statute as entitled to exemption. The exemption was denied solely because, under the terms of the will, the property went under control of a foreign corporation. In the instant case, while the gift is, in terms, made to the ''Salvation Army of Spokane'' for local uses, the superior court construed the will as intending the bequest to be for the Salva-

tion Army, a California corporation. If, instead of naming the "Salvation Army of Spokane," the will had named the Salvation Army, a California corporation, the facts in the two cases would be alike, not only in principle, but in form. In the *McIntire* case, it is said:

"Concededly, the trustee is a benevolent and charitable corporation, and all of the funds received by it are expended for benevolent and charitable purposes. We may also assume, for the sake of the argument, that the bequest was made to, or for the use of, a religious organization organized and conducted primarily and chiefly for religious purposes. However, as the Congregational Board of Ministerial Relief is a foreign corporation, it is not exempt from taxation under the inheritance law of this state. The exemption provisions (Rem. Rev. Stat., §§ 11218, 11218-1) of the statute do not exempt bequests to charitable institutions or religious organizations located outside this state from an inheritance tax. The overwhelming weight of authority is, as stated in *Alfred University v. Hancock,* 69 N. J. Eq. 470, 46 Atl. 178,

" '. . . that where the legislature grants exemption from such a tax to corporations or organizations, it includes in the exemption only domestic corporations and organizations.' . . .

"While the will provides that the income from the bequest shall be limited for use within this state, the bequest itself must go out of this state into the state of Connecticut to be used in that state by the foreign corporation to produce the income provided by the will. The statute limits the *bequest to use within the state of Washington,* hence the bequest is not exempt from an inheritance tax."

The respondent argues that the *McIntire* case is distinguishable from the present case by reason of the fact that under the terms of the will there involved, the corpus of the trust did not remain in the state of Washington by reason of its being under the dominion of the Connecticut corporation, whereas

here the bequest is to be used by, and presumably remain in the control of, the local branch of the California corporation. But this would follow only if the California corporation chose to leave the property here. The decree of distribution sets over to the respondent dominion over the property covered by the bequest, "as is provided in said paragraph ten of the deceased's will." Assuming that the final proviso refers to the use of the property in this state, the use would be dependent upon the will of the corporation. We must resolve the question of law involved upon principle—by considering what it would be in the power of the corporation to do, rather than what it may be disposed to do. While we may assume that the California corporation would faithfully execute the provisions of the will in the use of the property, yet the state would have no visitorial power enabling it to enforce compliance. True, the corporation is registered in the state and permitted to do business therein, but it is not compelled to remain in the state. The testimony taken at the proceeding shows that the local branch officers of the Salvation Army have but limited discretion as agents of the corporation. The essential control is in the officers at the Salvation Army headquarters in California.

The respondent inquires,

"Where in the statute does it appear that the legislature intended to deny exemption to a gift to a branch of a foreign corporation which, by the terms of the will, must be used locally?"

The answer is that the gift was not distributed to the local branch, which has no separate corporate existence in the state, but to a foreign corporation.

The similarity of the issue here to that in the *McIntire* case will be illustrated by a quotation from

the dissenting opinion of Judge Mitchell, in which the writer of this opinion concurred:

"If the bequest in this case was to 'the Congregational Board of Ministerial Relief, a corporation organized under the laws of the state of Connecticut in 1907,' without limitation or qualification, the majority opinion would be correct, but the will provides that the bequest shall constitute a 'trust for the uses and purposes and upon the terms herein set forth, to-wit:

" 'The said fund is to be invested and reinvested by the said Board, and its income only shall be used to assist in the support and maintenance of aged, needy and dependent ministers of the Congregational Church in the State of Washington and their widows; it being my intention that this bequest to the Congregational Board of Ministerial Relief shall be limited for use within the State of Washington and shall be granted for the relief of only such aged, needy and dependent ministers and their widows as may be actually resident within said state.'

"It cannot be said that the gift was for the benefit or maintenance of a foreign charity, or to be used even partly in its jurisdiction, but through such charity for use only in this state. This limitation distinguishes this case from the authorities cited in the majority opinion, as I understand them, and brings it within the terms of our statute."

The argument of the dissenting opinion is essentially the argument of respondent in this case. But the majority of the court reached a different conclusion, which must now be accepted as the established rule.

█ The respondent contends that, if Rem. Rev. Stat., § 11218 [P. C. § 7052], is to be construed as denying to the respondent, a foreign corporation, registered and authorized to do business in this state, an exemption allowed to domestic corporations, the section is in violation of the equal protection clause of the fourteenth amendment to the Federal consti-

tution, as well as Art. 1, § 12 of the state constitution. We can see no merit in this contention. The exemption is granted as a matter of grace upon consideration of the public benefits to accrue from the use to which the gift is devoted. To insure its proper application, the state may prescribe the character of agency that shall have the management of the gift, as a condition for its exemption. The authorities cited in the *McIntire* case sufficiently answer respondent's contention under this head.

The order appealed from is reversed, and the case remanded to the superior court with instruction to deny the respondent's petition for exemption.

BLAKE and STEINERT, JJ., concur.

MITCHELL, J. (concurring in the result)—I concur in the result because the erroneous opinion in *In re McIntire's Estate,* 178 Wash. 81, 34 P. (2d) 432, stands in the way of an affirmance of the order appealed from in this case.

TOLMAN, J., dissents.